STATE, *EX RELATIONE* RICHLAND COUNTY, v. COLUMBIA.

1. The right and duty of performing acts involving judgment and discretion do not constitute the officer or body so acting a court, which is a tribunal empowered to hear and determine issues between parties upon pleadings and evidence, according to settled principles of law. Hence a municipal corporation invested with power to grant licenses for the sale of liquors is not thereby made a court.
2. The city council of Columbia, under its charter, is an inferior court for certain limited purposes, but does not act as a court in passing upon applications for licenses to sell liquors.
3. The jurisdiction of the Supreme Court embraces four classes of powers: 1, appellate jurisdiction in cases of chancery; 2, the correction of errors of law under such regulations as the general assembly may prescribe; 3, the power to issue certain specified writs; 4, the power to issue such other and remedial writs as may be necessary to give it a general supervisory control over all other courts in this State. *Const.*, Art. IV., § 4.
4. The writ of prohibition can be issued by the Supreme Court by virtue only of the power conferred in the fourth class, and can therefore be used only when necessary to enable this court to exercise a supervisory control over other courts. It can issue to an inferior court only for the purpose of keeping it within its jurisdiction.
5. A municipal corporation having the power to issue licenses, the Supreme

Court cannot, by prohibition, correct any errors of law or fact committed by the corporation in determining matters involved in the exercise of such power.

This was a rehearing of the judgment rendered by this court in *State, ex relatione Richland County,* v. *Columbia,* reported in 16 *S. C.* 412. It was an application for a writ of prohibition to prohibit the city council of Columbia from issuing any licenses to liquor-dealers until after payment by them of $100 to the county treasurer, according to the terms of the act of December 24, 1880 (17 *Stat.* 460). The city of Columbia took the position that under the act of 1879 (17 *Stat.* 69) this act did not go into operation until January 13, 1881, and did not therefore affect licenses granted January 1, 1881.

Mr. *J. R. Abney,* for the relator.

Mr. *F. W. McMaster,* contra.

April 11, 1882. The opinion of the court was delivered by Mr. JUSTICE McIVER. The counsel for the relator has been permitted to argue a motion for a rehearing in this case, not because the court entertained any doubt as to the correctness of its original decision, but because that decision turned upon a question of jurisdiction which was not raised and not argued at the former hearing.

The argument on behalf of the relator rests upon the ground that because the act which is sought to be restrained is an act of a judicial nature it must necessarily be regarded as the act of *a court,* and therefore this court would have original jurisdiction to issue the writ asked for. It does not follow, however, that a judicial act can only be performed by a court. There is no reason why the legislature may not entrust the performance of acts of a judicial nature to persons and bodies corporate who do not constitute one of the courts of the state; and it is the constant habit to do so.

The legislature has at various times conferred upon clerks, sheriffs, and many other officers the power to perform judicial acts, in the sense that they involve the exercise of judgment

and discretion; and we do not understand that it was ever supposed that such officers were thereby constituted courts. Indeed, in one sense every ordinance passed by a municipal corporation and every act of the general assembly is a judicial act in that it involves the exercise of judgment and discretion, and it would lead to very extraordinary and anomalous results to hold that whenever a person or corporation is invested with power to perform a judicial act, in the sense above indicated, that such person or corporation is thereby constituted one of the courts of this state.

There is necessarily involved in the idea of a court that of a tribunal empowered to hear and determine issues between parties, upon pleadings, either oral or written, and upon evidence to be adduced under well-defined and established rules, according to settled principles of law. It does not seem to us that the granting of a license to sell spirituous liquors involves any such idea. That power might just as well have been conferred upon the mayor of the city, the clerk of the court, or any other officer; indeed, as matter of fact, the legislature has conferred a similar power—that of granting licenses to hawkers and pedlers—upon the clerk of the court.

Again, the city council of Columbia have, by the charter of the city, been constituted a court, but not a court of general jurisdiction. Their jurisdiction as a court is defined and limited to the trial of persons for violating any of the ordinances of the city, and we do not see that the charter constitutes them a court, in the sense of that term as used in the constitution, for any other purpose. Hence when the city council of Columbia grant a license for the sale of spirituous liquors, or do any other act permitted by the charter, they do not act as a court, even though such act may be of a judicial nature, in the sense that involves the exercise of judgment or discretion.

But even if we could hold that the city council act as a court in granting or refusing a license for the sale of spirituous liquors, we think there would be another insuperable objection to our granting the writ prayed for. Whether the Court of Common Pleas can issue a writ of prohibition to an infe-

rior court for any other purpose than to keep it within its jurisdiction need not now be considered, and as there is some conflict of authority upon that question, we do not propose at this time to express any opinion, but we are satisfied that *this court* can only issue a writ of prohibition to an inferior court for the purpose of keeping it within the limits of its jurisdiction, and not for the purpose of correcting or preventing any error of law in the exercise of its admitted powers.

The powers of this court are defined in the constitution, Art. IV., § 4, and, as has been said in *Ex parte Childs*, 12 *S. C.* 117, its jurisdiction embraces four classes of powers: 1st, appellate jurisdiction in cases of chancery; 2d, the correction of errors at law under such regulations as the general assembly may prescribe; 3d, the power to issue certain specified writs; 4th, the power to issue " such other original and remedial writs as may be necessary to give it a general supervisory control over all other courts in this state."

It will be observed that the jurisdiction for the correction of errors at law is not given in general and absolute terms, like its appellate jurisdiction in cases of chancery, but it is " under such regulations as the general assembly may by law prescribe;" and as it is not pretended that the general assembly has prescribed any regulations by which this court can, through the medium of a writ of prohibition, correct errors of law committed by an inferior court, it would seem to be clear that this court has no jurisdiction to issue the writ for that purpose, but can only do so for the purpose of exercising some supervisory control over the court to which the writ is issued. Now the power to issue the writ for the purpose of exercising supervisory control cannot be construed to embrace the power to correct mere errors of law, for that would be a repetition of the power already conferred in the second class of powers. It must, therefore, be regarded as a power to do just what the word " control " implies—that is, to keep all other courts in the state within the limits assigned to them, so that no one of them may be allowed to overstep the jurisdiction committed to it.

In this case the object plainly is, not to prevent the exercise

of a power not committed to the city council, but to correct an alleged error of law in the construction of a statute. The power to grant licenses is undoubtedly conferred upon the city council, and the only question raised by the relator is whether there has been an error of law in the exercise of this admitted power. The language of the act of 1880 (17 *Stat.* 460) is as follows: "No license for the sale of intoxicating liquors shall be granted by any municipal authorities in any city, town, or village in this state, except upon the payment, by the person applying for the same, to the treasurer of the county in which such city, town, or village is situated, [of] the sum of one hundred dollars;" and in the general law (15 *Stat.* 797) other conditions are prescribed.

The result is that municipal authorities being invested with power to grant licenses upon certain conditions, they must necessarily determine whether the required conditions have been complied with, and having this power they must necessarily have the jurisdiction to decide, first, what are the conditions prescribed, and, second, whether they have been complied with; and any error they may commit, either of law or fact, cannot be corrected or prevented by a writ of prohibition issuing out of this court, for they are simply undertaking to exercise a power conferred upon them, and cannot be said to have exceeded their jurisdiction, even though they may have erred in deciding upon a matter the decision of which was entrusted to them, as to which, however, we express no opinion.

The judgment of this court is that the motion for a rehearing be refused and that the petition be dismissed.